IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:22-cv-00239

TETRA TECH, INC., a California corporation,

     Plaintiff,

v.

TOWN OF LYONS, a Colorado statutory municipality,

     Defendant.

## COMPLAINT

Defendant, Tetra Tech, Inc., by and through counsel, Allen & Curry, P.C., hereby files this Complaint for declaratory judgment and related injunctive relief against Town of Lyons, and states as follows:

**I.  Parties.**

1. Defendant, Tetra Tech, Inc. ("Tetra Tech"), is a Delaware corporation with its principal place of business in Pasadena, California.

2. Upon information and belief, Defendant Town of Lyons ("Lyons" or "Defendant") is a Colorado statutory municipality organized and existing pursuant to Colo. Rev. Stat. §§ 31-1-101 to -207.

3. Upon information and belief, Defendant Lyons operates from 432 5th Avenue, P.O. Box 49, Lyons, Colorado 80540.

1

## II. Jurisdiction and Venue.

4. Tetra Tech incorporates by this reference all above allegations of the Complaint as if fully set forth herein. This is a civil action seeking declaratory relief and related injunctive relief.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states.

6. Further, this Court has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, which authorize the Court to grant the speedy declaratory and related injunctive relief requested herein by Tetra Tech.

7. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Tetra Tech raises a substantial claim concerning arbitration founded directly upon federal law as encompassed in 9 U.S.C. §§ 2 and 4 that should be subject to the Federal Arbitration Act ("FAA").

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to this claim occurred in Colorado and the property at issue in this matter is located in Colorado.

## III. Factual Allegations.

9. Tetra Tech incorporates by this reference all above allegations of the Complaint as if fully set forth herein.

10. This is an action for declaratory judgment to determine the rights of the parties arising from Tetra Tech's subcontract to provide construction services on a waste water treatment plant owned by Lyons. Specifically, this is a request for the Court to

determine that Lyons cannot join Tetra Tech to and/or maintain claims against Tetra Tech in an arbitration proceeding before the American Arbitration Association ("AAA").

### A.      Lyons Treatment Plant Contract.

11.     Upon information and belief, Lyons owns a waste water treatment plant that is located east of 2nd Avenue and south of the St. Vrain River in Lyons, Colorado, Boulder County Tax Assessor's Parcel No. 120318435001 ("WWTP").

12.     Upon information and belief, in approximately December 2013 Lyons contracted with Honeywell International, Inc. ("HII") to act as general contractor and design and construct improvements to the WWTP (the "Project").

13.     Upon information and belief, Lyons and HII's contract includes a provision requiring that any controversy or claim between those two parties arising out of or relating to their contract be arbitrated in the State of Colorado in accordance with the Construction Industry Arbitration Rules of the AAA.

14.     Upon information and belief, Honeywell Business Solutions ("HBS") also agreed to perform work on and provide services related to the Project within the State of Colorado.

### B.      HII-Tetra Tech Subcontract.

15.     HII entered into a purchase order subcontract agreement with Tetra Tech for engineering services related to designing improvements to the WWTP as part of the overall Project ("Tetra Tech Subcontract").   [*See* **Exhibit A**, Tetra Tech Subcontract, Purchase Order Subcontract Agreement with Professional Engineering Services Subcontract].

16.     The Tetra Tech Subcontract includes a binding arbitration provision stating that:

> [A]ny dispute arising out of or relating to this Subcontract will be finally resolved by a sole arbitrator in accordance with the Center for Public Resources (CPR) Institute for Dispute Resolution Rules for Non-Administered Arbitration then currently in effect. The arbitration will be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–16, and judgment upon the award rendered by the arbitrator may be entered by any court having competent jurisdiction. …Either party also may, without waiving any remedy under this agreement, seek from any court having jurisdiction any interim or provisional relief that is necessary to protect the rights or property of that party, pending the arbitrator's determination of the merits of the controversy.  [*See* **Exhibit A**, Tetra Tech Subcontract, Purchase Order Subcontract Agreement at p. 5, ¶ 35].

17.     Two provisions of the Tetra Tech Subcontract are relevant to Lyons because they prohibit the recognition of third-party beneficiaries.  Those provisions state:"[n]either party has the authority to obligate or bind the other in any manner, and nothing contained in this agreement will give rise or is intended to give rise to rights of any kind to any third parties.  Neither party will make any representation to the contrary." [*See* **Exhibit A**, Tetra Tech Subcontract, Purchase Order Subcontract Agreement at p. 5, ¶ 31; Professional Engineering Services Subcontract at p. 4, Section 14].

18.     Tetra Tech never entered into a contract with Lyons related to the Project.

**C.      Lyons Initiates State District Court Action in Boulder.**

19.     On February 26, 2021, Lyons filed a complaint against HII, HBS, and others, including Tetra Tech, Inc., claiming there were various engineering and construction issues with the Project.  That matter is Case No. 2021CV30180 and is pending in the District Court of Boulder County, Colorado ("Boulder Action").

20. In the Boulder Action, Lyons alleges a single claim against Tetra Tech for breach of contract based on facially flawed theory that Lyons was an intended third-party beneficiary to the Tetra Tech Subcontract.

21. On March 30, 2021, Tetra Tech filed a Motion to Dismiss Lyons's claim against Tetra Tech, in the Boulder Action, wherein Tetra Tech noted Lyons's Complaint avoids any discussion of arbitration.

22. On March 30, 2021, HII and HBS jointly filed a Motion to Compel Arbitration and Dismiss the Boulder Action or in the Alternative, Stay the Boulder Action Pending Arbitration.

23. On May 27, 2021, the Boulder County District Court issued an Order staying the Boulder Action pending arbitration (the "Arbitration Order").

24. The Arbitration Order states that it is ordered that Lyons', "claims against Honeywell International, Inc. and Honeywell Building Solutions be submitted to arbitration."

25. On May 27, 2021, the Boulder County District Court issued a subsequent Order staying the remainder of the claims against the other parties in the Boulder Action (including Tetra Tech) pending the outcome of the Lyons v. HII/BCS arbitration.

**D.     The AAA Arbitration**.

26. On August 19, 2021, Lyons commenced an arbitration action with the AAA asserting the same claims against the same Defendants as set forth in its Boulder Action Complaint (the "AAA Arbitration").

27. On September 2, 2021, in the AAA Arbitration, HII and HBS submitted, in relevant part, an Answering Statement; cross claims against Tetra Tech for (i) indemnity

5

and contribution, and (ii) breach of contract; and a request to join Tetra Tech to the arbitration.

28.     Tetra Tech has been notified of the AAA Arbitration but has not agreed to participate in the arbitration or be bound by any arbitration award.

29.     On September 7, 2021, in the AAA Arbitration, Tetra Tech submitted a Request for Dismissal of all Claims asserted against it in Lyons's arbitration demand, in relevant part, arguing that the AAA has no jurisdiction over Tetra Tech and no authority to hear Lyons' attempted claim against Tetra Tech.

30.     On September 16, 2021, in the AAA Arbitration, Tetra Tech also submitted a Request to Dismiss HII and HBS's cross claims against Tetra Tech and objection to HII and HBS's attempt to join Tetra Tech to the AAA Arbitration, again arguing that the AAA has no jurisdiction over Tetra Tech and no authority to hear any attempted cross claims against Tetra Tech.

31.     To date, when the AAA has communicated with the parties regarding administrative matters, Tetra Tech has objected to the AAA's jurisdiction and authority to determine its jurisdiction over Tetra Tech.

32.     Nevertheless, on January 6, 2022, the three-member panel overseeing the AAA Arbitration issued its first order declaring, in relevant part, that it has authority "to rule on jurisdiction, including objections to existence, scope, or validity of arbitration agreements" and setting a briefing schedule on all motions to dismiss or objections to joinder.

## IV.  Claim for Relief.
## (Declaratory Judgment)

33.  Tetra Tech hereby incorporates by reference all of the allegations above, as if fully set forth herein.

34.  This controversy contains a currently justiciable legal claim: to wit, Lyons' right to maintain claims against Tetra Tech in and join Tetra Tech to the AAA Arbitration.

35.  Lyons initiated arbitration proceedings before the AAA naming, in part, Tetra Tech.

36.  However, Tetra Tech never agreed to arbitrate any Project-related claims before the AAA or in accordance with the AAA's rules.

37.  As set forth in the Tetra Tech Subcontract, Tetra Tech only agreed to arbitrate Project-related claims before a sole arbitrator in accordance with the Center for Public Resources (CPR) Institute for Dispute Resolution Rules for Non-Administered Arbitration and the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

38.  Tetra Tech never entered into any Project-related contract with Lyons or otherwise agreed to arbitrate Project-related claims with Lyons or HII before the AAA.

39.  This Court—not the AAA—has authority to decide "gateway questions of arbitrability" including "questions about the formation or existence of an arbitration agreement, namely the element of mutual assent." *MZM Constr. Co. v. New Jersey Building Laborers Statewide Benefit Funds*, 974 F.3d 386, 397–98, 402 (3d Cir. 2020); *Getzelman v. Trustwave Holdings, Inc*., 2014 WL 3809736, at *2 (D. Colo. Aug. 1, 2014); *see also Rent-A-Car West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010); *Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 84 (2002); *Dist. No. 1, Pacific Coast Dist., Marine*

*Engineers' Beneficial Assoc., AFL-CIO v. Liberty Maritime Corp.*, 998 F.3d 449, 458 (D.C. 2021); *Avedon Engineering Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997) ("[t]he existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked.").

40. Tetra Tech requests a judicial declaration that Lyons may not maintain any claims against Tetra Tech in or join Tetra Tech to the AAA Arbitration.

41. The requested declaratory relief is necessary and will fully and finally resolve the uncertainty and controversy as to the parties' obligation to engage in arbitration regarding this dispute.

42. Additionally, Tetra Tech seeks a related order from this Court enjoining the AAA Arbitration from going forward unless and until a determination is made as to whether Tetra Tech may be joined thereto and whether Lyons may maintain its claims against Tetra Tech in the AAA Arbitration. *See* 28 U.S.C. § 2202; *Powell v. McCormack*, 395 U.S. 486, 499 (1969).

43. The requested injunctive relief is "further necessary or proper relief based on" the requested declaratory judgment as the panel in the AAA Arbitration has erroneously stated that it has authority to determine its jurisdiction over Tetra Tech and will attempt to do so forthwith based on the briefing schedule set by the panel, which infringes on Tetra Tech's right to have this Court determine issues of arbitrability. *See* 28 U.S.C. § 2202.

## V. Prayer for Relief.

WHEREFORE, Plaintiff Tetra Tech seeks judgment against Defendant Lyons as follows:

(i) A judicial declaration that Lyons may not maintain any claims against Tetra Tech in or join Tetra Tech to the AAA Arbitration;

(ii) For the issuance of an injunction prohibiting the AAA Arbitration from going forward until a determination is made as to whether Tetra Tech may be joined thereto and whether Lyons may maintain their claims against Tetra Tech in the AAA Arbitration;

(iii) For attorney's fees and costs; and

(iv) For such further relief as the Court deems just and proper.

DATED: January 27, 2022

Respectfully submitted,

By: /s/ Vincent J. Wegher
Vincent J. Wegher
ALLEN & CURRY, P.C.
1125 Seventeenth Street, Suite 1275
Denver, CO 80202
Telephone: (303) 955-6185
FAX: (720) 612-4882
E-Mail: vwegher@allen-curry.com
Attorneys for Plaintiff Tetra Tech, Inc.

Plaintiff's Address:
3475 E. Foothill Blvd.
Pasadena, CA 91107